UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE MENDONCA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>YOUNG HEE LEE, et al.,<br><br>　　　　Defendants. | No.  2:24-cv-00994-JAM-CKD<br><br><u>FINDINGS AND RECOMMENDATIONS<br>ON PLAINTIFF'S IFP REQUEST</u><br><br>(ECF No. 3) |

　　　　Presently pending before the court is Plaintiff Charlotte Mendonca's motion for leave to proceed in forma pauperis ("IFP") in this action. (ECF No. 3.) <u>See</u> 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees).[1] Plaintiff is proceeding in this action with counsel.

　　　　The affidavit in support of the motion indicates that Plaintiff's net wages are $323.78 bi-weekly, i.e. $7,770.72 annually. (ECF No. 3 at 1.) In addition, Plaintiff attests that she also receives $2,288 in Social Security benefits each month, i.e. $27,456 annually.  (<u>Id.</u>)  Thus, plaintiff's total net annual income is $35,226.72.  In addition, Plaintiff states that she also has $2,526.47 in liquid assets. (<u>Id.</u> at 2)  Plaintiff also indicates that she is not married, has no dependents, and has monthly expenses totaling $2,643.93.  (<u>Id.</u> at 2.)

---

[1] This matter was referred to the undersigned by the assigned district judge pursuant to Local Rule 302. (ECF No. 4.)

1

According to the United States Department of Health and Human Services, the current poverty guideline for a household of one (not residing in Alaska or Hawaii) is $15,060.00. See https://aspe.hhs.gov/poverty-guidelines. As Plaintiff's net household income is over two times the 2024 poverty guideline, the court cannot find Plaintiff unable to pay the $402 filing fee to bring this suit. See Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (to proceed IFP, plaintiff need not demonstrate that he is completely destitute, but he must show that because of his poverty, he "cannot pay the court costs and still afford the necessities of life") (citing Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948)).

To be sure, the court is sympathetic to the fact that Plaintiff does not have a large income, and that Plaintiff also has several expenses to manage. However, numerous litigants in this court have significant monthly expenditures, and may have to make difficult choices as to which expenses to incur, which expenses to reduce or eliminate, and how to apportion their income between such expenses and litigating an action in federal court. Such difficulties in themselves do not amount to indigency. Thus, the court recommends Plaintiff's IFP motion be denied. See Tripati v. Rison, 847 F.2d 548 (9th Cir. 1988) (absent consent of all parties, magistrate judge lacks authority to issue dispositive order denying in forma pauperis status). Presently, a filing fee of $402.00 is required to commence a civil action in this court.

However, based on the information provided by Plaintiff, it is clear that a one-time $402.00 payment may represent a significant strain on her monthly budget. Therefore, the court finds it appropriate to allow for monthly payments of $80.00 until the $402.00 filing fee is satisfied. Upon receipt of the first installment, the clerk of the court would be ordered to issue the appropriate service orders.

Accordingly, for the above reasons, the undersigned RECOMMENDS:

1. Plaintiff's IFP request (ECF No. 3) be DENIED;
2. Plaintiff be granted leave to satisfy the filing fee in $80 installments, beginning September 23, 2024 (or sooner if Plaintiff wishes), and allow for the clerk to issue a summons after the first installment is received.
3. Plaintiff be warned that failure to satisfy the full filing fee according to the payment

schedule (OR) by September 23, 2024 may result in dismissal under Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the District Judge assigned to the case, pursuant to 28 U.S.C. § 636(b)(1).  No objections period is required for IFP denials.  <u>Minetti v. Port of Seattle</u>, 152 F.3d 1113, 1114 (9th Cir. 1998), <u>as amended</u> (Sept. 9, 1998) ("[Plaintiff] was not entitled to file written objections to the magistrate judge's recommendation that [his] application to proceed in forma pauperis be denied.").

Dated:  August 26, 2024

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4, mend0994.24

3