UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE MENDONCA, | No. 2:24-cv-00994-JAM-CKD (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO SERVE |
| YOUNG HEE LEE, et al., | |
| Defendants. | |

On April 24, 2024, plaintiff, proceeding with counsel, filed the operative complaint. (ECF No. 1.) On October 10, 2024, the court recommended dismissing Plaintiff's claims without prejudice for failing to pay the filing fee after her motion to proceed in forma pauperis was denied. (ECF No. 9; see ECF Nos. 6, 7.) However, the court vacated the findings and recommendations after learning that plaintiff's attorney was deceased, and ordered plaintiff to show cause why her failure to pay the filing fee should not result in a recommendation that the case be dismissed for failure to prosecute. (ECF No. 10.) Plaintiff paid the filing fee, and is proceeding in the case without counsel.[1] (See Docket; ECF No. 12.) On April 4, 2025, the Clerk's office issued summons to serve defendants. (ECF No. 11.) The scheduling order required plaintiff to serve defendants within 90 days, and by 10 days after that, "file with the Clerk a certificate

---

[1] As such, this matter was referred to the undersigned under Local Rule 302(c)(21).

1

stating that the defendant was served under Rule 4." (See ECF No. 12 at ¶ 2.) The court cautioned plaintiff that under Rule 4(m) of the Federal Rules of Civil Procedure, "this case may be dismissed if service of process is not accomplished within 90 days. (Id.)

On October 27, 2025, the Court issued an order to show cause directing plaintiff to inform the Court of the status of service or to show cause why defendants have not been served within fourteen days of the date of the order. (ECF No. 13.) The Court warned plaintiff that failure to respond or to show good cause for failure to serve defendants will result in dismissal of this case without prejudice. (Id.)

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Despite the court providing plaintiff additional time to serve defendants, the record does not indicate proper service of process. Self-represented plaintiffs are given latitude in prosecuting their cases, given their unfamiliarity with the legal system and federal rules. See, e.g., Eriksen v. Washington State Patrol, 2006 WL 994750, at *1 (E.D. Wash. Apr. 7, 2006) ("Generally pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings.") (quoting Moore v. Agency for Intern. Development, 994 F.2d 874 (D.C. Cir. 1993)). However, pro se status is not sufficient to show good cause for failure to serve. Townsel v. Contra Costa County, 820 F.2d 319, 320 (9th Cir. 1987) (noting that ignorance of or confusion about service requirements does not constitute "good cause" for failure to serve). Given plaintiffs' failure to serve and lack of good cause, this case should be dismissed. See Fed. R. Civ. P. 4(m); see also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

////

////

////

In accordance with the above, IT IS RECOMMENDED as follows:

1. Plaintiff's complaint be dismissed without prejudice; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A reply to objections may be filed within seven (7) days thereafter. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: December 8, 2025

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, mend.0994.24

3